## Brooks v. Heimberger

*John P. Hohenadel,* for plaintiffs.
*Donald H. Yost,* for defendant.

CHRONISTER, *J.*, January 17, 1989 — This matter is before the court on defendant's preliminary objections in the nature of a demurrer to count 3. The complaint alleges that plaintiff Bobbie Jo Brooks, a minor, was crossing the street and was hit by defendant's car. It further states that the accident occurred in front of plaintiffs' home; that plaintiff Connie Ann Brooks, mother of Bobbie Jo, heard the accident; that her son informed her that his sister had been hit by a car; that the mother ran outside to find her daughter lying on the highway; and that as a result of hearing the events, learning immediately of the accident, and seeing her daughter on the highway, the mother has suffered emotional distress. Defendant has demurred, stating that plaintiff seeks damages for negligent infliction of emotional distress when she failed to observe the alleged negligent conduct.

Plaintiffs argue that three lower court cases, *Anfuso v. Smith,* 15 D. & C. 3d 389 (1980); *Kratzer v. Unger,* 17 D. & C. 3d 771 (1981); and *Ruane v. Moyers,* 55 Northum. Leg. J. 48 (1983) support their theory of recovery based on *Sinn v. Burd,* 486 Pa. 146, 404 A.2d 672 (1979). That case enunciated a three-part test to determine whether an action would lie for negligent infliction of emotional distress:

"(1) Whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it.

"(2) Whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and *contemporaneous observance* of the accident, as contrasted with learning of the accident from others after its occurrence; and

"(3) Whether plaintiff and the victim were closely related as contrasted with the absence of any

relationship or the presence of only a distant relationship." 486 Pa. at 170-1, 404 A.2d at 685. (emphasis supplied) Plaintiff's position is that the "sensory and contemporaneous observance" requirement is satisfied by the mother's auditory perception of the accident.

Defendant counters that *Mazzagatti v. Everingham*, 512 Pa. 266, 516 A.2d 672 (1986) is controlling. That case held that a mother who arrived at the scene of the accident and observed her daughter injured in the street after being informed by telephone of a collision involving her daughter was not entitled to recover on a theory of negligent infliction of emotional distress. Defendant points out that all the cases cited by plaintiffs were decided prior to *Mazzagatti*, and also that *Mazzagatti* clearly answered the question of whether a cause of action will be recognized where the close relative does not observe the accident. We find the facts at bar to be governed by *Mazzagatti* and therefore grant defendant's preliminary objections.

*Mazzagatti* was an opportunity for the Supreme Court to expand the *Sinn* holding, and it specifically declined to do so. The *Mazzagatti* court reasoned that "at some point along the causal chain, the passage of time and the span of distance mandate a cut-off point for liability." 512 Pa. at 273, 516 A.2d at 676. The court noted that the *Sinn* holding had been limited to cases where plaintiff alleged psychic injury as a result of *actually witnessing* defendant's negligent act. In reviewing the first and second criteria stated in *Sinn,* the *Mazzagatti* court stated:

"The corollary of these two criteria is that when a plaintiff is a distance away from the scene of the accident and learns of the accident from others after its occurrence rather than from a *contemporaneous observance,* the sum total of policy considerations

weigh against the conclusion that that particular plaintiff is legally entitled to protection from the harm suffered." *Id.* at 279, 516 A.2d at 679. (emphasis supplied)

The terms used in both *Sinn* and *Mazzagatti* — "contemporaneous observance"; "observed"; and "witnessed" — require knowledge that an accident occurred in which plaintiff's child was harmed. Here the only allegation is that plaintiff had knowledge of an accident, and later found out her child was involved in the accident. Therefore, she cannot recover under a theory of negligent infliction of emotion distress.

### ORDER

And now, January 17, 1989, defendant's preliminary objection in the nature of a demurrer to count 3 is granted.